Alexander Boddie
_____
FULL NAME
No Difference
_____
COMMITTED NAME (if different)
California Health Care
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION
Facility P.O. Box 31960
_____
Stockton, CA 95213
_____
PRISON NUMBER (if applicable)
K-87770



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Alexander Boddie

PLAINTIFF,

v.

Jackie Lacey, District Attorney
Brock Lunsford
                    DEFENDANT(S).
Deputy District Attorney ET. AL

CASE NUMBER

**CV17-3290- SVW (E)**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 1 - 2017

CENTRAL DISTRICT OF CALIFORNIA
BY

a. Parties to this previous lawsuit:

Plaintiff _N/A_____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☐ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☐ No

If your answer is no, explain why not _N/A_____

_____

_____

3. Is the grievance procedure completed? ☐ Yes ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Alexander Boddie_____

(print plaintiff's name)

who presently resides at _California Health Care Facility, P.o. Box 31960____ ,

(mailing address or place of confinement)

_Stockton, CA 95213_

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Loa Angeles County District Attorneys Office, Los Angeles CA, 90012_

(institution/city where violation occurred)

on (date or dates) __12/5/2016__ , _____ , _____ .
   (Claim I)                (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant __Jackie Lacey__ _____ resides or works at
                (full name of first defendant)

   __211 West Temple Street, Los Angeles, CA 90012__
    (full address of first defendant)

   __District Attorney__
    (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __The Defendant is the District Attorney For Los Angeles County.__
   _____

2.  Defendant __Brock Lunsford__ _____ resides or works at
                (full name of first defendant)

   __211 West Temple Street, Los Angele, Ca 90012__
    (full address of first defendant)

   __Deputy District Attorney For Los Angeles Conviction Review Unit.__
    (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __The Defendant is a Deputy District Attorney for Los Angeles__
   __County, Conviction Review Unit.__

3.  Defendant _____ resides or works at
                (full name of first defendant)

   _____
    (full address of first defendant)

   _____
    (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____
   _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

The Defendant violated the plaintiff's substantive Due Process Rights
Under the Fourteenth Amendment TO the United States Constitution.

" Plaintiff's Claim for injunctive Relief are authorized by 28 U.S.C
2283§2284 And rule 65 of the Federal rule of civil procedure."

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. Procedural facts. in 1998, following a jury trial in Los Angeles
County Superior Court. The plaintiff was convicted of Assault with
a Deadly weapon(Count 2). This verdict was entered in the record as
the jury's verdict with the jury being silent as to (count1).
The District Attorney could not convict the plantiff of (count1)
After the verdict in (count2) was entered into the record.

2. On or about November 2, 2016, Plaintiff filed a request to have
his wrongful conviction reviewed by the Los Angeles County District
Attorney's office bureau of prosecution support operations post-
conviction litigation and discovery diision conviction review unit.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

3.  On December 5, 2016, Deputy District Attorney Brock Lunsford rejected plaintiff's request for conviction review. (SEE ATTORNEY EXHIBIT A)

4.  On December 5, 2016, District Attorney Jackie Lacey rejected compelling evidence pointing to the plaintiff's legal innocence. (SEE EXHIBITS (A) and EXHIBIT (B) ATTACHED. District Attorney Jackie Lacey is the District Attorney of Los Angeles County, who is the supervisor and who is the policy maker in this office, who knew or should have known about the rejection of this request for a conviction review.

5.  On December 5, 2016, District Attorney Jackie Lacey, and Deputy Attorney Brock Lunsford violated plaintiff's substantive due process rights under the fourteenth amendment to the United States Constitution. The defendants are indifferent to this plaintiff's Rights and the fact that he is wrongfully incarcerated under a false conviction.

6.  The defendants have blocked every attempt by the plaintiff in vacating this false conviction and sentence. Habeas Corpus is ineffective and have been denied at every stage with no evidence in support of their denial.

(1)

7. The district Attorney's office established the conviction review unit to review cases like the plaintiffs, where the defendant's obtained a wrongful conviction. The prosecutors are in collusion to violate the plaintiffs Due Process Rights in mantaining a false conviction, their conduct in rejecting the plaintiffs request for conviction review violate clearly established statutory and constitutional rights a reasonable person would have known; against a legally innocent man and causing him to suffer a serious loss of freedom mental anguish, and humiliation.

8. The defendants have conspired to deny any review through state Habeas Corpus. Plaintiffs only recourse is through "injunctive-relief" for an order by the court ordering the defendants to investigate this case.

9. The defendants must not be allowed continue to engage in the "KIDNAPPING" of this plaintiff under a false conviction for the past twenty years.

10. These defendant are attempting to "SYSTEMATICALLY, take the plaintiffs life by the continuance of false imprisonment of a wrongful conviction"

( 2 )

## E.  REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

The defendant violated the plaintiffs substantive Due Process Right.
The plaintiff is requesting an order for a "preliminary injunction"
Ordering the defendants to investigate the plaintiff's conviction.

Actual injury is ongoing because of the violation.

Habeas Corpus is ineffective in bringing about any meaningful review.

Plaintiff is requesting a jury trial on all issues triable by jury.

Plaintiff is requesting attorney cost in this suit.

And any additional relief the court deems just.

4/24/17
_(Date)_

_(Signature of Plaintiff)_

NOV/01/2012

# EXHIBIT A



# LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
## BUREAU OF PROSECUTION SUPPORT OPERATIONS
## POST-CONVICTION LITIGATION AND DISCOVERY DIVISION
## CONVICTION REVIEW UNIT

JACKIE LACEY • District Attorney
JOHN SPILLANE • Chief Deputy District Attorney
PAMELA BOOTH • Assistant District Attorney

SERGIO A. GONZALEZ • Director

December 5, 2016

Alexander Boddie
K-87770
California Health Care Facility
P.O. Box 31960
Stockton, CA 95213

Dear Alexander Boddie,

        Thank you for your recent request to have the Los Angeles County District Attorney's Conviction Review Unit (CRU) review your claim of factual innocence in the matter of People v. Alexander Boddie (KA037637).   Specific criteria must be met before a conviction can be reviewed.

The CRU has determined your claim will not be reviewed because:

☐ The person convicted is no longer in custody
☐ The case was not adjudicated in Los Angeles County
☐ The convicted person plead guilty to the instant offense
☐ The conviction did not involve a serious of violent felony
☒ The claim does not contain new, credible evidence pointing to innocence
☐ The case is currently pending in the court system
☐ There is a pending habeas corpus petition in the matter
☐ Your case is currently pending on appeal

Should you have any further questions regarding this matter, please feel free to contact the Conviction Review Unit at (213) 974-5914.

Yours truly,

Brock Lunsford
Deputy District Attorney
Conviction Review Unit

NOV/01/2012

C00026

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff,

v.

01  ALEXANDER BODDIE  (6/9/1956)

Defendant(s).

CASE NO. KA037637

*AMENDED*
*I N F O R M A T I O N*

Pre Trial
Date: 01/06/98
Dept: EA. M

FILED
LOS ANGELES SUPERIOR COURT

JAN - 9

JOHN A. CLARKE, CLERK
M. Natal
BY T. LATCH, DEPUTY

### INFORMATION
### SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 664/187(a) | Check PC664 | BODDIE, ALEXANDER | PC 12022.7(d) | +3,4,5 |
| | | | | PC 12022(b)(1) | +1Yr |
| | | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | | PC 667(a)(1) | +5 yrs per prior |
| 2 | PC 245(a)(1) | 2-3-4 | BODDIE, ALEXANDER | PC 12022.7(d) | +3,4,5 |
| | | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | | PC 667(a)(1) | +5 yrs per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:

### COUNT  1

On or about September 13, 1997, in the County of Los Angeles, the crime of ATTEMPTED WILLFUL, DELIBERATE, PREMEDITATED MURDER, in violation of PENAL CODE SECTION 664/187(a), a Felony, was committed by ALEXANDER BODDIE, who did unlawfully and with malice aforethought attempt to murder SHEILA WARE, a human being.

It is further alleged that the aforesaid attempted murder was committed willfully, deliberately and with premeditation within the meaning of Penal Code section 664(a) and is a serious felony pursuant to Penal Code section 1192.7(c).

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), ALEXANDER BODDIE, personally used a deadly and dangerous weapon(s), to wit, knife,

DA Case No. 77160230                    Page 1  Case No. KA037637

NOV/01/2012

000027

said use not being an element of the above offense, within the meaning of Penal Code Section 12022(b)(1) and causing the above offense to be a serious felony within the meaning of Penal Code section 1192.7(c)(23).

* * * * *

COUNT 2

On or about September 13, 1997, in the County of Los Angeles, the crime of ASSAULT WITH A DEADLY WEAPON AND BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY, in violation of PENAL CODE SECTION 245(a)(1), a Felony, was committed by ALEXANDER BODDIE, who did willfully and unlawfully commit an assault upon SHEILA WARE with a deadly weapon, to wit, a knife, and by means of force likely to produce great bodily injury.
"Notice:   The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged, within the meaning of Penal Code section 12022.7(d), as to count(s) 1 and 2 that in the commission of the above offense, the said defendant(s), ALEXANDER BODDIE, personally inflicted great bodily injury upon SHEILA WARE, under circumstances involving domestic violence.

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and  667(b) through (i) as to count(s) 1 and 2 that said defendant(s), ALEXANDER BODDIE, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
| --- | --- | --- | --- | --- | --- |
| BA115166 | PC 273.5, w/12022(b) | 09/15/1995 | LA COUNTY | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 pursuant to Penal Code section 667(a)(1) that the defendant(s), ALEXANDER BODDIE, has suffered the following prior conviction(s) of a serious felony:



COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) |
| | ) |
| PLAINTIFF-RESPONDENT, | ) |
| VS. | ) NO. KA037637 |
| | ) |
| ALEXANDER BODDIE, | ) |
| | ) |
| | ) |
| DEFENDANT-APPELLANT. | ) APR 0 9 1998 |
| | ) |

APPEAL FROM THE SUPERIOR COURT OF LOS ANGELES COUNTY
HONORABLE C. EDWARD SIMPSON, JUDGE PRESIDING
REPORTERS' TRANSCRIPT ON APPEAL

APPEARANCES:

FOR THE RESPONDENT:        DANIEL LUNGREN, ATTORNEY GENERAL
                          300 SOUTH SPRING STREET
                          NORTH TOWER, SUITE 5001
                          LOS ANGELES, CALIFORNIA 90013

FOR APPELLANT:            IN PROPRIA PERSONA

REPORTED BY:              LYNN A. BARASCH, CSR #2457
                          NANCY WILSON, CSR #9228
                          SHARON FOX, CSR #4432
                          WENDY WOOD, CSR #9574
                          KAREN GONNELLA, CSR # 7346
                          OFFICIAL REPORTERS

VOLUME 3 OF 3
PAGES 586 THROUGH 626, INCLUSIVE

**COPY**

NOV/01/2012

458

1    THE CLERK WILL KEEP IT IN A SEALED ENVELOPE

2    UNTIL WE DECIDE WHAT TO DO ON THE BALANCE OF THE COUNTS.

3    **THE JUROR:**  SO ARE WE TO ESSENTIALLY THROW OUT THE

4    FIRST COUNT AND KIND OF -- BECAUSE I KNOW IT APPEARS THAT

5    THERE ARE SOME JURORS WHO ARE VERY ADAMANT IN NOT EVEN

6    REALLY ANALYZING OR DISCUSSING THE SECOND COUNT BECAUSE WE

7    FEEL SO -- FEEL VERY STRONGLY ON THE FIRST ITEM, SO I

8    DON'T KNOW IF IT WOULD BE A COMPROMISE OR HOW IT WOULD BE

9    PERCEIVED BY SOME.

10    **THE COURT:**  THE JURY WILL NEED TO COME TO A

11    DETERMINATION ON COUNT 2.

12    IF THE JURY IS UNABLE TO ARRIVE AT A

13    UNANIMOUS VERDICT ON COUNT 1, THOSE COUNTS COULD BE

14    RETRIED BY THE PEOPLE BUT YOU DO NEED TO COME TO A

15    VERDICT, IF YOU CAN, ON COUNT 2.

16    IF YOU DO COME TO A VERDICT ON THAT COUNT,

17    YOU CAN BUZZ THE CLERK, GIVE THE VERDICT TO THE CLERK.

18    THE CLERK WILL SEAL THAT VERDICT AND THEN WE

19    WILL DISCUSS WITH YOU WHAT SHOULD BE DONE IF ANYTHING WITH

20    RESPECT TO COUNT 1.

21    **THE JUROR:**  UNDERSTOOD.

22    **THE COURT:**  OKAY.

23    THANK YOU.

24    WE WILL BE IN RECESS.

25    THE JURY CAN REASSEMBLE IN THE JURY ROOM AT

26    FIVE MINUTES TO 3:00.

27

28    (RECESS TAKEN.)

NOV/01/2012

459

1
2          (THE FOLLOWING PROCEEDINGS WERE
3           HELD IN OPEN COURT OUTSIDE THE
4           PRESENCE OF THE JURY:)
5
6      THE COURT:  WILL YOU BE CLOSE BY?
7      MS. SANTINI:  YES, IN MY OFFICE.
8      THE COURT:  I WILL LOOK AT THE CASE THAT YOU CITED
9  TO ME.
10     MS. SANTINI:  I ALSO WANT TO LOOK FOR -- I'M GOING
11  TO LOOK FOR ANOTHER CASE.  I'M CONCERNED WITH HER
12  STATEMENT THAT SHE EVEN DID HOME WORK ON THIS LAST NIGHT
13  AT HOME, THAT SHE THOUGHT -- BASICALLY SHE WAS THINKING
14  ABOUT IT, DELIBERATING OUTSIDE OF THE PRESENCE OF THE
15  JURY, WRITING DOWN QUESTIONS AND THAT'S CONTRARY TO THE
16  INSTRUCTIONS THAT ONCE THEY LEAVE, THEY ARE NOT TO
17  DISCUSS --
18     THE COURT:  I DON'T KNOW IF I WOULD TAKE THE ANSWER
19  THAT FAR.
20          SHE THOUGHT ABOUT IT OVER THE NIGHT.  SHE
21  WROTE DOWN QUESTIONS AND SHE WROTE DOWN INFORMATION TO
22  DISCUSS WITH THE JURY WHEN SHE CAME BACK.
23     MS. SANTINI:  LOOK FOR SOMETHING ON THAT.
24     THE COURT:  IF YOU CAN FIND -- I MEAN -- GIVE YOU AS
25  MUCH HELP AS I CAN BUT WHAT'S THE OLD ADAGE YOU CAN'T MAKE
26  A SILK PURSE OUT OF A SOW'S EAR.
27     MR. WHITENHILL:  WHAT TIME DID THE COURT ORDER THE
28  JURY BACK?

NOV/01/2012

461

```
 1              THE RECORD WILL REFLECT THAT MR. BODDIE IS
 2   PRESENT.
 3              MR. WHITENHILL, HIS COUNSEL, IS PRESENT.
 4              THE TWO ALTERNATES ARE PRESENT.
 5              THE JURY IS ALL PRESENT AND ASSEMBLED.
 6              I UNDERSTAND THAT JUROR NUMBER 10 IS THE
 7   FOREPERSON OF THE JURY.
 8              JUROR NUMBER 10, HAS THE JURY ARRIVED AT A
 9   VERDICT ON ANY OF THE COUNTS?
10         MS. SANTINI:  YOUR HONOR, MAY WE APPROACH FIRST?
11              THERE'S ANOTHER ISSUE I THINK MIGHT NEED TO
12   BE DEALT WITH FIRST.
13         THE COURT:  OKAY.
14
15                    (THE FOLLOWING PROCEEDINGS WERE
16                     HELD AT THE BENCH:)
17
18
19         MS. SANTINI:  WE WERE JUST TOLD WHEN THE BAILIFF
20   WENT IN TO BRING THE JURY OUT JUROR NUMBER 2 WANTED OFF
21   THE JURY.
22              SO WE NEED TO DETERMINE WHETHER OR NOT WE
23   HAVE A FULL JURY BEFORE TO SEE WHETHER OR NOT THERE IS A
24   VERDICT ON COUNT 2 BECAUSE THEN THERE'S ANOTHER QUESTION
25   AS TO WHETHER OR NOT AND I SPOKE TO ABE, HE SAID WE NEED
26   TO ADDRESS THE FIRST QUESTION FIRST AS TO WHETHER A
27   VERDICT CAN BE TAKEN ON COUNT 2, WHETHER BY LAW IT IS A
28   LESSER TO COUNT 1 WITH NO VERDICT ON COUNT 1.
```

NOV/01/2012

462

1      THE COURT:  YOU PLED IT AS A SEPARATE COUNT.

2      MS. SANTINI:  YOU CAN PLEAD IT AS A SEPARATE COUNT.

3          THERE IS A QUESTION ON THAT BECAUSE IT IS

4   STILL A LESSER INCLUDED.

5      THE COURT:  BUT IT'S PLED AS COUNT 2, AN INDEPENDENT

6   COUNT.

7      MS. SANTINI:  YEAH, I DON'T KNOW WHAT THE ANSWER IS.

8          ALL I'M SAYING THAT'S BEEN BROUGHT UP AS A

9   QUESTION BY DEFENSE COUNSEL AS WELL BUT THEN THE ISSUE

10  COMES FIRST AS TO JUROR NUMBER 2.

11     MR. WHITENHILL:  INQUIRE OF JUROR NUMBER 2.

12     THE COURT:  THE INFORMATION THAT I RECEIVED AFTER

13  THE CLERK PICKED UP THE JURY WAS THE VERDICT -- AFTER THE

14  CLERK WAS BUZZED THAT THE JURY HAD ARRIVED AT A VERDICT,

15  HE WENT IN WITH A SEALED ENVELOPE TO SEAL THE VERDICT.

16         AT THAT TIME HE WAS TOLD THAT JURY NUMBER 2

17  WOULD LIKE TO BE EXCUSED FROM THE JURY ROOM, NOT THE JURY.

18         WE WILL POLL THE JURY ON WHETHER THE VERDICTS

19  THEY HAVE ARRIVED AT -- WE CAN FIND OUT IF IT'S THEIR

20  VERDICT OR NOT OR JUROR NUMBER 2'S VERDICT.

21     MR. WHITENHILL:  SEE IF SHE HAS A VERDICT ON COUNT

22  2.

23     MS. SANTINI:  WELL, MAYBE THEN THE INFORMATION WAS

24  RELAYED TO US WRONG BUT I THINK IT WOULD BE -- I DON'T

25  KNOW WHETHER OR NOT --

26     THE COURT:  WE CAN FIND THAT OUT.

27     MS. SANTINI:  -- THAT WAS THE INFORMATION.

28     THE COURT:  IN POLLING -- WE WILL FIND OUT THAT ON

```
 1   POLLING THE JURY.
 2        MS. SANTINI:  THAT WOULD NEED TO BE FOUND OUT BEFORE
 3   A VERDICT IS GIVEN AND THE JURY IS POLLED.
 4        THE COURT:  I DON'T THINK SO BUT YOU'VE MADE YOUR
 5   REQUEST AND THE REQUEST WOULD BE DENIED.
 6
 7             (THE PROCEEDINGS WERE RESUMED IN
 8              OPEN COURT IN THE PRESENCE OF THE
 9              JURY.)
10
11        THE COURT:  JUROR NUMBER 10, HAS THE JURY ARRIVED AT
12   A VERDICT ON ANY OF THE COUNTS?
13        THE JUROR:  WE ARRIVED AT A VERDICT FOR THE COUNT
14   THAT WE WERE INSTRUCTED TO AND THAT WAS THE SECOND ONE.
15        THE COURT:  COULD YOU GIVE THAT VERDICT FORM TO THE
16   BAILIFF AND ALL OF THE JURY FORMS.
17             THERE IS A JURY -- THERE IS A BROWN ENVELOPE
18   THAT THE BAILIFF HAS HANDED TO THE COURT THAT IS SEALED
19   WITH THE JUROR IDENTIFICATION NUMBER, LAST FOUR DIGITS OF
20   WHICH IS 1582 ACROSS THE SEAL.
21             THE COURT WILL OPEN THE ENVELOPE.  THE OTHER
22   FIVE JURY FORMS HAVE BEEN RETURNED UNSIGNED.  THE COURT
23   WILL GIVE THE VERDICT FORM THAT'S SIGNED AND DATED TO THE
24   CLERK.
25             ASK THE CLERK TO READ THE VERDICT.
26        THE CLERK:  "TITLE OF COURT AND CAUSE:  WE, THE JURY
27   IN THE ABOVE-ENTITLED ACTION FIND THE DEFENDANT, ALEXANDER
28   BODDIE, GUILTY OF THE CRIME OF ASSAULT WITH A DEADLY
```

```
1    WEAPON BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY
2    INJURY, A FELONY, IN VIOLATION OF PENAL CODE SECTION 245,
3    SUBSECTION A, SUBSECTION 1 AS CHARGED IN COUNT 2 OF THE
4    AMENDED INFORMATION.
5              WE FURTHER FIND THE ALLEGATION THAT IN THE
6    COMMISSION AND ATTEMPTED COMMISSION OF THE ABOVE OFFENSE
7    THE DEFENDANT PERSONALLY INFLICTED GREAT BODILY INJURY
8    UPON SHEILA WARE IN VIOLATION OF PENAL CODE SECTION
9    12022.7, SUBSECTION B TO BE TRUE.  THIS SIXTH DAY OF
10   FEBRUARY, 1998, FOREPERSON."
11             LADIES AND GENTLEMEN, IS THIS YOUR VERDICT,
12   SO SAY YOU ONE, SO SAY YOU ALL?
13
14                   (THE JURORS RESPONDED IN THE
15                    AFFIRMATIVE.)
16
17        THE COURT:  WOULD YOU POLL THE JURY, PLEASE.
18        THE CLERK:  LADIES AND GENTLEMEN, AS I IDENTIFY YOU
19   BY NUMBER, I NEED YOU TO ANSWER IF THIS IS YOUR VERDICT.
20             JUROR NUMBER 1?
21        THE JUROR:  YES.
22        THE CLERK:  JUROR NUMBER 2?
23        THE COURT:  COULD YOU ANSWER OUT LOUD.
24        THE JUROR:  YES.
25        THE CLERK:  JUROR NUMBER 3?
26        THE JUROR:  YES.
27        THE CLERK:  NUMBER 4?
28        THE JUROR:  YES.
```

```
 1          THE CLERK:  JUROR NUMBER 5?

 2          THE JUROR:  YES.

 3          THE CLERK:  NUMBER 6?

 4          THE JUROR:  YES.

 5          THE CLERK:  NUMBER 7?

 6          THE JUROR:  YES.

 7          THE CLERK:  NUMBER 8?

 8          THE JUROR:  YES.

 9          THE CLERK:  NUMBER 9?

10          THE JUROR:  YES.

11          THE CLERK:  NUMBER 10?

12          THE JUROR:  YES.

13          THE CLERK:  NUMBER 11?

14          THE JUROR:  YES.

15          THE CLERK:  NUMBER 12?

16          THE JUROR:  YES.

17          THE COURT:  DO COUNSEL WAIVE READING OF THE VERDICT

18   AS RECORDED?

19          MS. SANTINI:  YES.

20          MR. WHITENHILL:  SO WAIVED.

21          THE COURT:  I UNDERSTAND FROM THAT THE JURY HAS

22   INDICATED TO THE COURT THAT IT IS HOPELESSLY DEADLOCKED ON

23   THE VERDICTS FOR COUNT 1.

24              IF THE COURT WERE TO ASK YOU TO CONTINUE YOUR

25   DELIBERATIONS, MR. FOREPERSON, JUROR NUMBER 10, IF I WERE

26   TO ASK YOU IF THE JURY WOULD CONTINUE ITS DELIBERATIONS,

27   DO YOU FEEL THAT IT IS REASONABLY PROBABLE THAT THE JURY

28   MIGHT ARRIVE AT A VERDICT ON COUNT 1?
```

NOV/01/2012

000060

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 02/06/98

-----------------------------------------------------------------
CASE NO. KA037637

THE PEOPLE OF THE STATE OF CALIFORNIA
                        VS.
DEFENDANT 01: ALEXANDER  BODDIE

-----------------------------------------------------------------

INFORMATION FILED ON 12/01/97.


COUNT 01: 664-187(A) PC FEL  - ATTEMPTED MURDER.
COUNT 02: 245(A)(1) PC FEL  - ASSAULT W DEADLY WEAPON/INSTR..


ON 02/06/98 AT  900 AM  IN L.A. SUPERIOR EAST DEPT EAB

CASE CALLED FOR JURY TRIAL IN PROGRESS

PARTIES: C. EDWARD SIMPSON (JUDGE)  RAY MIJARES  (CLERK)
         LYNN A. BARASCH       (REP)  KIM SANTINI  (DA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RONALD WHITENHILL DEPUTY
PUBLIC DEFENDER

MATTER RESUMES FOR TRIAL FROM 02/05/98, WITH THE DEFENDANT
PRESENT IN CUSTODY, ALL COUNSEL ON CALL, AND ALL JURORS PRESENT
AS HERETOFORE.

AT 9:00 A.M., THE JURY RESUMES DELIBERATIONS.


AT 10:15 A.M., THE JURY IS ADMONISHED AND EXCUSED FOR BREAK.

AT 10:25 A.M., THE JURY RESUMES DELIBERATIONS.

AT 11:35 A.M., THE JURY SUBMITS A QUESTIONAIRE TO THE COURT.

AT 12:00 P.M., OUT OF THE PRESENCE OF THE JURY AND DEFENDANT:
     COURT AND BOTH COUNSEL CONFER RE CONTENT OF THE JURY
     QUESTIONAIRE. DEFENDANT'S PRESENCE WAIVED BY HIS COUNSEL.

AT 12:03 P.M., OUT OF THE PRESENCE OF THE JURY:
     COURT AND BOTH COUNSEL CONFER, WITH DEFENDANT PRESENT, RE
     THE CONTENT OF QUESTIONAIRE.

AT 12:05 P.M., OUT OF THE PRESENCE OF THE JURY:

NOV/01/2012

000061

CASE NO. KA037637
DEF NO.  01                                     DATE PRINTED 02/06/98

   JUROR #10 (FOREPERSON) IS PRESENT IN COURT, WITH ALL COUNSEL
   AND THE DEFENDANT PRESENT. THE COURT, ON THE RECORD, MAKES
   INQUIRIES OF JUROR #10 RE THE CONTENTS OF THE QUESTIONAIRE.
   COURT AND COUNSEL CONFER, AT SIDE BENCH, ON THE RECORD.

AT 12:38 P.M., OUT OF THE PRESENCE OF THE JURY:
   JUROR #10 IS EXCUSED BY THE COURT.

AT 12:40 P.M., THE JURY IS ADMONISHED AND EXCUSED FOR LUNCH.

AT 1:30 P.M, THE JURY RESUMES DELIBERATIONS.

AT 1:55 P.M., OUT OF THE PRESENCE OF THE JURY:

   COURT, ALL COUNSEL, WITH DEFENDANT PRESENT, CONFER FURTHER RE
   JURY QUESTION.

AT 1:58 P.M., OUT OF THE PRESENCE OF THE JURY:
   JUROR #10 RENTERS THE COURT AND IDENTIFIES JUROR #2 AS THE
   JUROR WHO IS THE SUBSTANCE OF THE QUESTION SUBMITTED THIS
   DATE.

AT 2:02 P.M., OUT OF THE PRESENCE OF THE JURY:
   JUROR #2 ENTERS THE COURT ROOM AND THE COURT INQUIRES RE THE
   SUBSTANCE OF THE QUESTION. THE JUROR IS THANKED AND REENTERS
   DELIBERATION ROOM.

AT 2:38 P.M., THE JURY REENTERS THE COURT AND THE COURT MAKES
   INQUIRY AS TO STATUS OF DELIBERATIONS.

AT 3:02 P.M., THE JURY RESUMES DELIBERATIONS.

AT 3:24 P.M., THE JURY REENTERS THE COURT,WITH THE FOLLOWING
VERDICT:
"TITLE OF COURT AND CAUSE,

   WE THE JURY IN THE ABOVE-ENTITLED ACTION FIND THE DEFENDANT,
ALEXANDER BODDIE, GUILTY OF THE CRIME OF ASSAULT WITH A DEADLY
WEAPON OR BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY
INJURY, A FELONY, IN VIOLATION OF PENAL CODE SECTION 245(A)(1)
AS CHARGED IN COUNT 2 OF THE AMENDED INFORMATION.

WE FURTHER FIND THE ALLEGATION THAT IN THE COMMISSION AND
ATTEMPTED COMMISSION OF THE ABOVE OFFENSE, THE DEFENDANT
PERSONALLY INFLICTED GREAT BODILY INJURY UPON SHEILA WARE IN
VIOLATION OF PENAL CODE SECTION 12022.7(D) TO BE TRUE.

THIS 6TH DAY OF FEBRUARY, 1998 SIGNED FOREPERSON JUROR #10."

VERDICT IS READ AND RECORDED. JURY IS INDIVIDUALLY POLLED AND
ALL 12 JURORS ANSWER IN THE AFFIRMATIVE. READING OF THE VERDICT

NOV/01/2012

000062

CASE NO. KA037637
DEF NO.  01                                    DATE PRINTED 02/06/98

AS RECORDED IS WAIVED. THE VERDICT IS FILED THIS DATE.

THE COURT MAKES INQUIRY OF THE JURY RE FEASIBILITY OF FURTHER
DELIBERATION ON COUNT 1. THE JURY IS POLLED AND THE COURT FINDS
THAT FURTHER DELIBERATION WILL BE OF BENEFIT. THE JURY RESUMES
DELIBERATIONS AT 3:38 P.M.

ALTERNATE JUROR #2 IS THANKED AND EXCUSED FROM THE PANEL DUE TO
THE COURT'S FINDING THAT FINANCIAL HARDSHIP DOES EXIST.

OUT OF THE PRESENCE OF THE JURY:
    COURT AND COUNSEL CONFER RE JURY DELIBERATIONS, AND CASES
SUBMITTED FOR THE COURTS CONSIDERATION RE THE 2/6/98 JURY

QUESTION.

AT 3:55 P.M, THE JURY SUBMITS A SECOND QUESTION FOR THE COURTS
CONSIDERATION. QUESTION IS FILED THIS DATE.

OUT OF THE PRESENCE OF THE JURY:
COURT AND COUNSEL CONFER RE JURY QUESTION # 2.

AT 3:59 P.M., THE JURY REENTERS THE COURT.
THE COURT INDIVIDUALLY POLLS THE JURY AS TO THEIR OPINION OF THE
FEASIBILITY OF FURTHER DELIBERATIONS TO REACH A VERDICT. THE
MAJORITY OF JURORS ANSWER IN THE AFFIRMATIVE. THE JURY IS
ADMONISHED AND ORDERED TO RETURN ON 02/09/98 AT 09:00 A.M. FOR
FURTHER DELIBERATIONS AS TO THE COUNTS REMAINING.

NEXT SCHEDULED EVENT:
02/09/98   900 AM  JURY TRIAL IN PROGRESS   DIST L.A. SUPERIOR EAST DEPT EAB

CUSTODY STATUS: DEFENDANT REMANDED

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  FOR THE COUNTY OF LOS ANGELES

 3   DEPARTMENT EAST B          HON. C. EDWARD SIMPSON, JUDGE

 4

 5   PEOPLE OF THE STATE OF CALIFORNIA,    )
                                           )
 6                          PLAINTIFF,     )
           VS.                             ) NO. KA037637
 7                                         )
     ALEXANDER BODDIE,                     ) REPORTER'S
 8                                         ) CERTIFICATE
                                           )
 9                          DEFENDANT.     )
     _____)
10
     STATE OF CALIFORNIA  )
11                        )
     COUNTY OF LOS ANGELES)
12

13             I, LYNN A. BARASCH, OFFICIAL REPORTER OF THE

14   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

15   OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES

16   1 - 123 AND 317 - 411 AND 414 - 481 AND 587 - 626

17   COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

18   PROCEEDINGS AND TESTIMONY TAKEN IN THE ABOVE-ENTITLED

19   CAUSE ON JANUARY 29 AND 30; FEBRUARY 3, 4, 6, 23 AND 25,

20   1998.

21

22             DATED THIS 6TH DAY OF APRIL, 1998.

23

24

25             Lynn Barasch
               OFFICIAL REPORTER
26             LYNN A. BARASCH, CSR #2457

27

28
```



Alexander Boddie
K-87770
California Health Care Facility
P.O. Box 31960
Stockton, CA 95213

CHCF
CA DEPARTMENT
OF CORRECTIONS
AND REHABILITATION

neopost
04/27/2017
US POSTAGE

FIRST-CLASS MAIL
$003.50

ZIP 95215
041L12203723

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, CA 90012

Attention: Pro Se Clerk

